Charles R. STAMPER, Appellant–
Defendant,

v.

STATE of Indiana, Appellee.

No. 37A04–0311–CR–574.

Court of Appeals of Indiana.

May 24, 2004.

Patricia Caress McMath, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Andrew A. Kobe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SULLIVAN, Judge.

Appellant, Charles Stamper, pleaded guilty to Receiving Stolen Property as a Class D felony. Upon appeal, Stamper claims, and the State agrees, that the trial court erred in denying Stamper's request for counsel to represent him at his sentencing hearing.

We reverse and remand.

After stealing a van they found in West Virginia, Stamper and a friend drove the van toward Chicago until it ran out of fuel on I-65 in Jasper County. Stamper and his friend then began to walk north on the highway until picked up by Indiana State Police. Stamper was charged on August 20, 2003 with one count of Receiving Stolen Property as a Class D felony. That same day, Stamper appeared pro se at an initial hearing. The trial court advised Stamper of his right to counsel, but Stamper declined and pleaded guilty. The trial court set a sentencing hearing for September 17, 2003.

On September 8, 2003, Stamper sent a handwritten note to the trial court requesting to withdraw his plea of guilty and have a public defender appointed to represent him. The trial court scheduled a hearing date of September 17, 2003 to address Stamper's request. For reasons not apparent in the record, the trial court held the sentencing hearing on September 15, 2003. At the sentencing hearing, the trial court addressed Stamper's request for a public defender by reminding Stamper that he had been advised of his rights at the initial hearing. The trial court noted that Stamper was no stranger to criminal proceedings and asked Stamper if there were any errors in the presentence investigation report. Stamper said that there were no errors that he knew of. The trial court then proceeded to sentence Stamper to three years incarceration, the maximum sentence for a Class D felony. *See* Ind. Code § 35-50-2-7(a) (Burns Code Ed. Supp.2003).

On September 19, 2003, Stamper sent the trial court another note requesting appointment of counsel to help him appeal his conviction. The trial court held a hearing on this request on September 24, 2003, and granted Stamper's request to appoint appellate counsel. Stamper filed his Notice of Appeal on October 14, 2003.

Upon appeal, Stamper claims that he was denied the Sixth Amendment right to counsel at the sentencing hearing only and brings no claim regarding the validity of his guilty plea.[1] A criminal

---

1. In *Tumulty v. State*, 666 N.E.2d 394, 395–96 (Ind.1996), our Supreme Court held that a defendant who pleads guilty may not challenge his plea by direct appeal but must instead avail himself of post-conviction remedies. However, such a defendant is entitled to contest the merits of the trial court's sentencing discretion where the court exercised such discretion. *Id.* at 396. Here, Stamper specifically limits his claim of denial of counsel to the sentencing phase only. Thus, he is not challenging the validity of the guilty plea. At the same time, however, he is not directly challenging the merits of the trial court's sentencing discretion, which was exercised here. Be that as it may, Stamper's claim that he was denied counsel at the sentencing hearing is an indirect attack on the trial court's sentencing discretion, and we will consider this argument upon direct appeal.

We would also observe that under our reading of *Tumulty*, it could not be said that Stamper has waived any potential post-conviction claim of deprivation of counsel at the guilty plea hearing for failure to bring such upon direct appeal. This is not to say that we can see any practical reason why Stamper should be prohibited from bringing such a claim now, or why we could not adequately review such a claim upon the record before us. However, a claim of denial of counsel at the guilty plea hearing is effectively an attack upon the validity of the plea, which according

defendant has the right to counsel at all critical stages of the proceedings against him, including a sentencing hearing. *Adams v. State,* 693 N.E.2d 107, 109 (Ind. Ct.App.1998). Here, Stamper told the trial court at the guilty plea hearing that he did not want counsel to be appointed for him. Without regard to whether this was a knowing, intelligent, and voluntary waiver, the question before us is whether the trial court properly denied Stamper's request to have counsel appointed before the sentencing hearing. In other words, should Stamper have been allowed to change his mind with regard to his decision to proceed pro se?

A somewhat similar situation was before our Supreme Court in *Koehler v. State,* 499 N.E.2d 196 (Ind.1986), wherein the defendant proceeded pro se, but with "standby counsel," before a jury against a battery charge. After the jury returned a verdict of guilty, Koehler informed the trial court that he could not adequately represent himself at the habitual offender phase of the proceedings and requested that his standby counsel be allowed to represent him. The trial court denied this request. Our Supreme Court described Koehler as a " 'jailhouse lawyer' who realized his folly in electing self-representation but was prevented from correcting his mistake." *Id.* at 197. The Court held that trial courts have discretion to determine whether a defendant may abandon pro se representation and reassert the right to counsel. *Id.* at 198–99.

■ Quoting *People v. Elliott,* 70 Cal. App.3d 984, 139 Cal.Rptr. 205, 211 (1977), the *Koehler* Court wrote that certain relevant factors must be considered by a trial court in order for it to exercise meaningful discretion in ruling on a defendant's request to change from self-representation to representation by counsel. 499 N.E.2d

at 199. These factors are: (1) the defendant's prior history in the substitution of counsel and in the desire to change from self-representation to counsel-representation, (2) the reasons set forth in the defendant's request, (3) the length and stage of the trial proceedings, (4) any disruption or delay in the trial proceedings which might be expected to ensue if the request is granted, and (5) the likelihood of the defendant's effectiveness in defending against the charges if required to continue to act as his own attorney. *Id.* Upon making a request to change representation, a defendant is entitled to consideration of these factors. *Goble v. State,* 766 N.E.2d 1, 5 (Ind.Ct.App.2002).

In applying these factors, the *Koehler* Court held that the trial court had abused its discretion in denying Koehler's request to allow standby counsel to represent him at the habitual offender proceedings. 499 N.E.2d at 199–200. The Court wrote:

"While Koehler had fired two attorneys, he made the decision to proceed *pro se* before trial and did not change his mind until trial on the battery charge had concluded. Koehler's stated reasons for requesting counsel at this late stage were legitimate; he acknowledged that he was unfamiliar with the legal intricacies of an habitual offender hearing and thus could not adequately defend himself. His poor performance during the battery trial supported his statement. Furthermore, Koehler's request came at an opportune moment between trial on the battery charge and the habitual offender proceeding. The State does not allege the appointment of counsel would have created any delay. No continuance would have been necessary because standby counsel was familiar with the case. Lastly, Koehler had failed miserably as defense counsel during the battery trial and there was no reason to

to the holding of *Tumulty* may only be

brought upon post-conviction review.

believe he would have fared any better during the habitual proceeding." *Id.* at 199.

The Court further observed that "[i]t would be illogical to bar all opportunity for reasserting one's right to counsel once a defendant realizes his mistake in proceeding *pro se.*" *Id.*

■ In the case at bar, we first note that there is no indication in the record that the trial court considered the *Koehler* factors. This alone supports reversal. *See Dowell v. State,* 557 N.E.2d 1063, 1068 (Ind.Ct.App.1990) (holding that trial court abused its discretion in summarily denying defendant's request to have standby counsel conduct his closing argument), *trans. denied, cert. denied,* 502 U.S. 861, 112 S.Ct. 181, 116 L.Ed.2d 143 (1991). Moreover, applying the relevant factors to the facts before the trial court, we conclude that Stamper's request should have been granted.

First, this appears to be the only time that Stamper had changed his mind regarding representation, whereas in *Koehler,* the defendant had already fired two attorneys. 499 N.E.2d at 199. It does not appear that Stamper every fully explained his reasons for wanting counsel, but in the note to the trial court requesting to withdraw his guilty plea and requesting counsel, Stamper wrote, "I didn't realize what could happen to me at this time." Appendix at 13. Although this may not be terribly compelling, there also appears to have been no ulterior motive for Stamper's request. Also, Stamper's request came at a natural break in the proceedings—after his plea, but before the sentencing hearing. *See Koehler,* 499 N.E.2d at 200.

We recognize that the *Koehler* Court limited its holding to situations where standby counsel was ready to take over representation under circumstances which do not disadvantage any of the other participants in the trial.[2] However, we do not view the fact that Stamper did not have standby counsel to be fatal. Instead, we view it as a component of the fourth *Koehler* factor, i.e., disruption or delay in proceedings which might be expected to ensue were the request granted. Here, there is no allegation that appointing counsel would have excessively delayed the proceedings. Stamper's request was made nine days before the scheduled sentencing hearing.

Lastly, the record does not indicate a high likelihood that Stamper would be effective if required to continue to act as his own attorney. Stamper did not dispute the charges against him, nor does there appear to have been any attempt on his part to negotiate with the State on a plea agreement. This was borne out by Stamper's performance at the sentencing hearing, which was limited to a discussion with the trial court regarding his criminal record and time served and stating that he had read the presentence investigation report the "best [he] could," and found no errors therein. Sentencing Transcript at 2. Stamper made no effort to argue for a lesser sentence.

Considering these factors, we conclude that Stamper's request for appointed counsel should have been granted. *See Koehler,* 499 N.E.2d at 199–200. *See also Goble,* 766 N.E.2d at 7. (concluding that trial court abused its discretion in denying defendant's request to have standby counsel conduct direct examination of the defen-

---

**2.** By limiting its "holding," we take the *Koehler* Court to have meant its particular holding that the trial court had abused its discretion given the facts of that case, not that the factors are to be considered only in situations where standby counsel was present. This is apparent from the language used in describing when such factors are to be considered, i.e., when trial courts are ruling on a defendant's request to change from self-representation to representation by counsel. 499 N.E.2d at 199.

356

dant where reasons for the request appeared legitimate, any delay in the proceedings would have been minimal, and the record contained no indication that the trial court had advised the defendant of the dangers of self-representation); *Miller v. State,* 789 N.E.2d 32 (Ind.Ct.App.2003) (holding that trial court erred in denying defendant's request to allow standby counsel to conduct voir dire where there was no indication that the trial court considered the *Koehler* factors or that granting the request would have disrupted or delayed the trial), *aff'd upon reh'g,* 795 N.E.2d 468; *Dowell,* 557 N.E.2d at 1067 (although reversing due to trial court's summary denial of defendant's request, in discussing factors which trial court should have considered, court noted that defendant's request to have standby counsel conduct closing arguments was made prior to closing arguments, defendant had not previously made requests for substitution of counsel, defendant's self-representation had been less than effective up to that point, and standby counsel was prepared to assume representation). *Cf. Maisonet v. State,* 579 N.E.2d 660 (Ind.Ct.App.1991) (stating in dicta that, even if defendant's comments were taken as a request to abandon his self-representation, trial court did not err in denying such request; although the request occurred at a natural break in the proceedings, there was no standby counsel prepared to take over without interruption, the jury was seated, and request would have required lengthy continuance causing excessive delay).

The judgment of the trial court is reversed and the cause is remanded for proceedings not inconsistent with this opinion.

ROBB, J., and ROBERTSON, Sr.J., concur.