**Efren Radillo DIAZ, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 20A04–0504–CR–227.**

Court of Appeals of Indiana.

Dec. 30, 2005.

David W. Newman, William P. Stanley & Associates, South Bend, for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, for Appellee.

1. Ind.Code § 35–48–4–1.

2. *Id.*

## OPINION

VAIDIK, Judge.

### Case Summary

Efren Radillo Diaz appeals the trial court's imposition of consecutive sentences for his convictions on possession of methamphetamine weighing three· grams or more with intent to deliver and dealing methamphetamine weighing three grams or more. We find that the trial court's sentencing order was insufficient to support consecutive sentencing because the trial judge did not clearly state that he found the aggravating circumstances in this case to outweigh the mitigating circumstances. .Therefore, we must remand with instructions to enter a clarified sentencing order stating, as to Count I, whether the aggravating circumstances outweigh the mitigating circumstances. Moreover, unless the trial court therein states that the aggravators do, in fact, outweigh the mitigators, Diaz's sentences should be ordered to run concurrently.

### Facts and Procedural History

In June 2004, Efren Radillo Diaz was arrested in Elkhart County and subsequently charged with Count I, Possession of Methamphetamine Weighing Three (3) Grams or More With Intent to Deliver,[1] and Count II, Dealing Methamphetamine Weighing Three (3) Grams or More.[2] Both charges are Class A felonies, each carrying a presumptive sentence of thirty years.[3] Diaz pled guilty to both charges, and a sentencing hearing was scheduled.

At his sentencing hearing, the judge found three mitigating factors: (1) Diaz's age, twenty-three years; (2) the fact that he accepted responsibility for his criminal conduct; and (3) his complete lack of crim-

3. Ind.Code § 35–50–2–4.

inal history. Appellant's App. p. 46. The court also found four aggravators: (1) Diaz is an illegal alien; (2) there were multiple cases against him; (3) a gun was found in an apartment where Diaz was staying and where a substantial amount of methamphetamine (twenty-six pounds) was found; and (4) Diaz was in Elkhart County for the purpose of selling drugs. *Id.* The court sentenced Diaz to thirty years on Count I and to a "mitigated sentence ... of 20 years (the minimum permitted by law)" on Count II. The trial judge ordered the two sentences to run consecutively. *Id.* Diaz now appeals the trial court's imposition of consecutive sentences.

### Discussion and Decision

■■■ It is well established that sentencing decisions lie within the discretion of the trial court. *Gist v. State,* 804 N.E.2d 1204, 1205 (Ind.Ct.App.2004). Sentencing decisions are given great deference on appeal and will only be reversed for an abuse of discretion. *Id.* The State in this action agrees that Diaz was not subject to any statute *requiring* that he serve consecutive sentences.[4] Therefore, Indiana Code § 35–50–1–2(c) provides:

> [T]he court shall determine whether terms of imprisonment shall be served concurrently or consecutively. The court may consider the:
>
> (1) aggravating circumstances in IC 35–38–1–7.1(a); and
>
> (2) mitigating circumstances in IC 35–38–1–7.1(b);
>
> in making a determination under this subsection.

When the trial court exercises its discretionary authority to impose consecutive sentences, the trial court must enter, on the record, a statement that (1) identifies all of the significant mitigating and aggravating circumstances; (2) states the specific reason why each circumstance is considered to be mitigating or aggravating; and (3) shows that the court evaluated and balanced the mitigating circumstances against the aggravating circumstances in order to determine if the aggravating circumstances offset the mitigating circumstances. *Johnson v. State,* 785 N.E.2d 1134, 1143 (Ind.Ct.App.2003), *trans. denied.* A single aggravating circumstance may support the imposition of consecutive sentences. *Smylie v. State,* 823 N.E.2d 679, 686 (Ind.2005), *cert. denied,* —— U.S. ——, 126 S.Ct. 545, 163 L.Ed.2d 459 (2005). However, when a judge finds that aggravating and mitigating circumstances are in equipoise, Indiana law provides that a defendant's sentences must run concurrently. *Id.*

Diaz argues that the trial judge in his case could not order his sentences to run consecutive to one another because the judge must have found the aggravators and mitigators to be in equipoise as to Count I and the mitigating circumstances

---

4. Indiana Code § 35–50–1–2 sets forth the circumstances whereby consecutive sentencing is mandated:

    (d) If, after being arrested for one (1) crime, a person commits another crime:

    (1) before the date the person is discharged from probation, parole, or a term of imprisonment imposed for the first crime; or

    (2) while the person is released:

    (A) upon the person's own recognizance; or

    (B) on bond;

    the terms of imprisonment for the crimes *shall* be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed.

    (e) If the factfinder determines under IC 35–50–2–11 that a person used a firearm in the commission of the offense for which the person was convicted, the term of imprisonment for the underlying offense and the additional term of imprisonment imposed under IC 35–50–2–11 *must* be served consecutively.

    (Emphases added).

to outweigh the aggravating circumstances as to Count II. Having so found, Diaz insists, the judge could not have then made the determination, necessary to an order of consecutive sentencing, that the aggravators outweigh the mitigators with regard to either count. The State, on the other hand, argues that the sentencing judge acted within his discretion because he never directly stated that the aggravating and mitigating circumstances were in balance or that the mitigators outweighed the aggravators with regard to Count I. Therefore, according to the State, the judge never made any finding that *precludes* the imposition of consecutive sentences, and a remand of this matter allowing the sentencing judge to clarify his order is appropriate. While we sympathize with the defendant's frustration in following a less-than-clear sentencing order, particularly where consecutive sentencing manifests a harsh punishment, we find the State's argument to be correct.

Diaz relies heavily on *Wentz v. State*, 766 N.E.2d 351 (Ind.2002), *reh'g denied*, for his contention that a sentencing court may not order consecutive sentences where it finds that the aggravators and mitigators balance. In *Wentz*, the defendant was convicted of felony murder, kidnapping, burglary, robbery, residential entry, and two counts of theft. *Id.* at 355, 358–59. At the final sentencing hearing, the court found that the aggravating and mitigating factors were in balance. *Id.* at 359. The court imposed presumptive sentences on all counts and ordered the felony murder and kidnapping sentences to run concurrently and all other sentences to run consecutively for a total executed sentence of seventy-nine and one-half years. *Id.*

Wentz eventually filed a petition appealing his post-conviction court's affirmation of the consecutive sentencing. Our Supreme Court held that the sentencing court erred when it imposed consecutive sentencing. *Id.* The Court noted its reasoning, stating "when the trial court finds [the aggravating and mitigating] circumstances in balance, 'there is no basis on which to impose consecutive terms.'" *Id.* (citing *Marcum v. State*, 725 N.E.2d 852, 864 (Ind.2000), *reh'g denied*). *Wentz* stands for the notion that a sentencing court cannot determine that aggravating and mitigating circumstances are in equipoise or are cumulatively mitigating for the purpose of setting the length of a defendant's sentence, then reverse direction and find the very same aggravators and mitigators as applied to the very same convictions to be cumulatively *aggravating* for the purpose of imposing consecutive sentences.

However, *Wentz* is distinguishable from the case at bar. The sentencing court in *Wentz* made a specific finding that the aggravating and mitigating circumstances it considered were in equipoise. The judge below made no such finding. Diaz is correct in his assertion that, as to Count II, the judge must have determined that the mitigating factors outweighed the aggravating factors; such a determination is necessary when imposing a mitigated sentence. However, as to Count I, we find the sentencing order to be less clear. Diaz contends that because the judge imposed the presumptive sentence of thirty years on that count, he must have determined that the aggravators and mitigators balanced one another. It is not so clear, however, that this was the case.

When faced with a case of multiple convictions where a judge determines the aggravators to outweigh the mitigators, that judge is faced with three options should he choose to increase a defendant's period of incarceration. He may (1) impose an enhanced sentence within the guidelines provided for each class of of-

fense; (2) impose the presumptive sentence but order all or part of the sentences to run consecutive to one another; or (3) impose both enhanced *and* consecutive sentencing. Here, it is not clear from the sentencing order whether the judge found, as Diaz suggests, that the circumstances were in equipoise as to Count I or whether he found the aggravators to outweigh the mitigators and simply chose the second option listed above, ordering the sentences to run consecutively and entirely foregoing sentence enhancement.

In the sentencing order, the judge below first imposes a thirty-year sentence on Count I without discussion. Appellant's App. p. 45. He then imposes a twenty-year sentence on Count II, noting specifically that he intended this to be a mitigated sentence. *Id.* He then lists the three mitigators and four aggravators before the court, and in the following paragraph he states:

> As a result of the aggravating circumstances listed herein and the mitigating circumstances, the Court now weighs the aggravating circumstances against the Defendant's mitigating circumstances .... *The Court declines to enter an aggravated sentence* on Count I or Count II *but does ORDER* that the sentences be served consecutively and not concurrently.

*Id.* at 46 (emphases added). With this language, the sentencing judge indicates that he made a choice between imposing an enhanced sentence and ordering that the terms should run consecutively. We are unable to say that anything in the sentencing order precluded his exercise of that option. Neither, however, does the record clearly demonstrate that the sentencing judge retained the discretion to exercise that option by finding that the aggravators in the case outweighed the mitigators; and that is what, according to our case law, a sentencing court must demonstrate before imposing enhanced or consecutive sentencing.

We remand this case,[5] then, for a clarification of the sentencing order. We note that the sentencing order correctly identified the aggravating and mitigating factors in Diaz's case; it failed, however, to state that the aggravators were found by the judge to offset the mitigators as needed for the imposition of consecutive sentences. We note further that this sentencing order is complicated by the fact that Diaz received the presumptive sentence for Count I without mention that the aggravators were found to outweigh the mitigators and by the fact that the mitigators must have offset the aggravators with regard to the mitigated sentence for Count II. For these reasons and because consecutive sentencing in this case does appear to impose a harsh punishment on this defendant, we are unwilling to accept any ambiguity in this sentencing order.

Remanded with instructions.

SULLIVAN, J., and FRIEDLANDER, J., concur.

---

5. We note that Diaz did not include in his brief any claim that his fifty-year sentence was inappropriate. Accordingly, we find that a remand to the sentencing court is, procedurally speaking, the appropriate disposition of this case.