Christopher CREEKMORE, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 43A03–0509–CR–466.

Court of Appeals of Indiana.

Sept. 7, 2006.

---

526

J. Brad Voelz, Warsaw, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Matthew D. Fisher, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

FRIEDLANDER, Judge.

Christopher Creekmore pled guilty to thirteen counts of Check Deception,[1] all class A misdemeanors.[2] Creekmore now appeals,[3] and presents the following restated issues:

---

1. Ind.Code Ann. § 35–43–5–5 (West, PREMISE through 2006 Public Laws approved and effective through March 15, 2006).

2. Creekmore was charged with check deception for thirteen separate checks under thirteen separate cause numbers. Eleven of the causes were tried together, and two additional causes were tried together. All thirteen causes, however, were sentenced during the same hearing.

3. Creekmore's appeal raises issues relating to only five of the thirteen convictions and their respective sentences, including those under cause numbers: 43D02–0505–CM–631; 43D02–0505–CM–690; 43D02–0506–CM–835; 43D02–0507–CM–991; and 43D02–0507–CM–1085.

1. Did the trial court abuse its discretion when it failed to identify mitigating circumstances when imposing maximum sentences?

2. Did the trial court abuse its discretion when it imposed consecutive sentences?

3. Did the trial court abuse its discretion when it imposed prosecutor's fees?

4. Is his sentence appropriate?

5. Did he knowingly, voluntarily, and intelligently waive his right to counsel?

We affirm in part and reverse in part and remand.

The facts favorable to the convictions are that between November 12, 2004 and June 23, 2005, Creekmore wrote thirteen checks, i.e., three checks to Leesburg Liquor, three checks to Liquid Assets, one check to Monteith Tire, four checks to Freedom Oil, and two checks to Cunningham Optical, from an account that he knew was either overdrawn or closed. After being charged with thirteen counts of check deception, Creekmore initially entered pleas of not guilty in all thirteen causes. On August 2 and 4, 2005, Creekmore requested appointment of counsel, which the trial court granted on August 9, 2005 during the initial hearing on all counts. At a later hearing, Creekmore requested the trial court vacate his pleas of not guilty and enter pleas of guilty, which the trial court did. Thereafter, the trial court, at Creekmore's urging, withdrew his request for appointment of counsel. On September 8, 2005, a sentencing hearing was held at which the trial court imposed: (1) court costs of $156 for each of the thirteen convictions, totaling

$2,028; (2) restitution to each of the five businesses to which Creekmore wrote dishonored checks, totaling $2,178.95; (3) prosecutor's collection fees for each of the thirteen convictions, totaling $210; and (4) one-year terms of imprisonment for each of his five convictions of check deception, to be served consecutively.[4] Creekmore now appeals.

### 1.

Creekmore contends the trial court abused its discretion with regard to each separate sentence because it failed to find any mitigating circumstances. Ind. Code Ann. § 35-50-3-2 (West, PREMISE through 2006 Public Laws approved and effective through March 15, 2006) governs sentences imposed upon convictions for class A misdemeanors, and states, in relevant part, "[a] person who commits a Class A misdemeanor shall be imprisoned for a fixed term of not more than one (1) year...." This statute, which was not amended by the General Assembly in the wake of *Blakely*, does not provide a presumptive or advisory sentence, but rather a maximum allowable sentence. A trial court, therefore, is not required to articulate and balance aggravating and mitigating circumstances before imposing sentence on a misdemeanor conviction. *Cuyler v. State*, 798 N.E.2d 243 (Ind.Ct. App.2003), *trans. denied*. Thus, with regard to the sentences for each of Creekmore's five misdemeanor convictions, the trial court did not abuse its discretion by failing to identify mitigating circumstances.

### 2.

Creekmore contends the trial court abused its discretion in ordering consecutive sentences. In order to address this

---

4. The five convictions upon which the trial court imposed a one-year term of imprisonment are the same five convictions Creekmore now appeals. *See supra* note 3 and accompanying text.

contention, we must decide whether the new sentencing statutes apply. On April 25, 2005, the General Assembly responded to *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), by amending Indiana's sentencing statutes. Among others, the General Assembly amended Ind.Code Ann. § 35–38–1–7.1 (West, PREMISE through 2006 Public Laws approved and effective through March 15, 2006) by making the consideration of aggravating and mitigating circumstances discretionary rather than mandatory. *Compare* I.C. § 35–38–1–7.1(a), (b), *amended by* Public Law 71–2005, Sec. 3, emerg. eff. April 25, 2005 (current version) ("court may consider") *with* former I.C. § 35–38–1–7.1(a) ("court shall consider"). Further, "[u]nder the post-*Blakely* statutory scheme, a court may impose any sentence that is authorized by statute and permissible under the Indiana Constitution 'regardless of the presence or absence of aggravating circumstances or mitigating circumstances.'¢" *Weaver v. State,* 845 N.E.2d 1066, 1070 (Ind.Ct.App.2006) (quoting I.C. § 35–38–1–7.1(d)), *trans. denied.*

▪ The instant case presents a unique factual scenario we have not yet broached. That is, Creekmore was charged with and pled guilty to thirteen separate instances of check deception. Ten of those crimes were committed before the effective date of the amendments, and three were committed after. All thirteen convictions, however, were sentenced during one hearing, which occurred after the effective date of the amendments. Of the five convictions and sentences entered

thereon that Creekmore now appeals, three were committed before, and two were committed after, the amendments' effective date. We must now decide whether application of the amended statutes to crimes committed before the amendments took effect violates the constitutional protections against *ex post facto* laws.[5]

▪ A substantive change in a penal statute is an *ex post facto* law if applied retroactively, whereas a procedural change is not. *Dobbert v. Florida,* 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977). An amendment is "'procedural in nature for purposes of the *ex post facto* doctrine, and may be applied to crimes committed before the effective date,' if it 'neither changes the elements of the crime nor enlarges its punishment.'" *Weaver v. State,* 845 N.E.2d at 1070 (quoting *Ritchie v. State,* 809 N.E.2d 258, 264 (Ind.2004), *reh'g denied, cert. denied* —— U.S. ——, 126 S.Ct. 42, 163 L.Ed.2d 76 (Oct. 3, 2005)). After analyzing recent decisions from courts in other states whose legislatures amended sentencing statutes in the wake of *Blakely,*[6] we concluded, "the Indiana sentencing amendments, which now permit a trial court to impose any sentence authorized by a statute or the constitution '*regardless of* the presence or absence of aggravating circumstances or mitigating circumstances' cannot be merely 'procedural.'" *Weaver v. State,* 845 N.E.2d at 1071 (quoting I.C. § 35–38–1–7.1(d)) (emphasis in original). Accordingly, the application of the new sentencing statutes to crimes committed

---

**5.** In *Weaver v. State,* 845 N.E.2d at 1070, we recently concluded that "[a]pplication of the amended statutes to persons convicted before the amendments took effect ... violate[s] the constitutional protections against *ex post facto* laws." The relevant date for *ex post facto* purposes is the date of the commission of the crime for which a defendant is being convict-

ed, not the date of the conviction. Such is clear from our analysis in *Weaver,* our conclusion regarding the date of conviction notwithstanding.

**6.** *See State v. Fell,* 210 Ariz. 554, 115 P.3d 594 (2005); *State v. Upton,* 339 Or. 673, 125 P.3d 713 (2005).

before the effective date of the amendments violates the prohibition against *ex post facto* laws.[7] Where it is necessary, therefore, we will address separately the three crimes Creekmore committed before April 25, 2005 from the two he committed after that date.

 Creekmore first contends the trial court abused its discretion because it ordered each of his five, one-year sentences to run consecutively when such was not mandatory. Both prior and subsequent to April 25, 2005, there were and are certain instances in which the trial court must order consecutive sentences. *See, e.g.,* Ind.Code Ann. §§ 35–47–10–9 (West 2005) and 35–50–1–2 (West 2005). Where it is not mandatory, however, the trial court has wide discretion to impose consecutive sentences. *Bryant v. State,* 841 N.E.2d 1154 (Ind.2006). The trial court, therefore, does not *per se* abuse its discretion when, as here, it imposes consecutive sentences where such is not statutorily mandated.

Creekmore next contends the trial court abused its discretion by imposing consecutive sentences without identifying an aggravating circumstance. Here we must address separately the sentences imposed upon the three crimes Creekmore committed before April 25, 2005 from the two he committed thereafter.

 We first address the sentences imposed upon the three crimes Creekmore committed prior to April 25, 2005. When the trial court exercises its discretionary authority under I.C. § 35–50–1–2 to impose consecutive sentences upon crimes committed prior to April 25, 2005, the trial court must enter, on the record, a state-

ment that: (1) identifies all of the significant mitigating and aggravating circumstances; (2) states the specific reason why each circumstance is considered to be mitigating or aggravating; and (3) shows the court evaluated and balanced the mitigating circumstances against the aggravating circumstances in order to determine whether the aggravating circumstances offset the mitigating circumstances. *Diaz v. State,* 839 N.E.2d 1277 (Ind.Ct.App. 2005). A single aggravating circumstance may support the imposition of consecutive sentences. *Smylie v. State,* 823 N.E.2d 679 (Ind.2005), *cert. denied.* When the trial court finds, however, the aggravating and mitigating circumstances are in equipoise, Indiana law provides that a defendant's sentences must run concurrently. *Id.*

Creekmore initially asserts the trial court failed to identify an aggravating circumstance and that, in its absence, the imposition of consecutive sentences was an abuse of discretion. Contrary to Creekmore's assertion, the trial court clearly identified as aggravating that "[in] these cases[, there] was a course of conduct over six months. There are five or six different victims. It was repeated on several of them." *Appellant's Appendix* at 268. We decline to adopt Creekmore's "magic words" approach in determining whether the trial court identified a sufficient aggravating factor in support of the imposition of consecutive sentences, and reiterate that a single aggravating circumstance is sufficient to support the imposition of consecutive sentences. *Diaz v. State,* 839 N.E.2d 1277.

---

7. We note a split of opinion among members of this court with respect to this conclusion, as well as our holding in *Weaver v. State,* 845 N.E.2d 1066. *See Samaniego–Hernandez v. State,* 839 N.E.2d 798 (Ind.Ct.App.2005) (the change from presumptive sentences to advisory sentences was procedural rather than substantive, and, therefore, retroactive application does not violate the *ex post facto* prohibition).

The trial court found no mitigating circumstances. Creekmore contends the trial court abused its discretion in failing to identify as mitigating his "stated desire to make restitution and pay his financial obligations, letters from employers which characterize him as a reliable and hard worker with available employment ... [,][ ] that his crimes neither caused nor threatened serious harm to persons or property[, and his] acceptance of responsibility by pleading guilty." *Appellant's Brief* at 15–16 (citations omitted).

While a sentencing court must consider all evidence of mitigating factors presented by a defendant, the finding of mitigating circumstances rests within the trial court's sound discretion. *Newsome v. State*, 797 N.E.2d 293 (Ind.Ct.App.2003), *trans. denied.* The trial court need not consider, and we will not remand for reconsideration of, alleged mitigating circumstances that are highly disputable in nature, weight, or significance. *Id.* A sentencing court need not agree with the defendant's assessment as to the weight or value to be given to proffered mitigating facts. *Id.* Neither is the trial court obligated to explain why it did not find a factor to be significantly mitigating. *Id.* "Indeed, a sentencing court is under no obligation to find mitigating factors at all." *Id.* at 301.

At the sentencing hearing, Creekmore identified as mitigating only his desire to make restitution to the businesses and to obtain future employment. The fact that Creekmore desired to make restitution to the businesses to whom he knowingly wrote bad checks need not have been given the same significance by the trial court as Creekmore would have it give. *Newsome v. State*, 797 N.E.2d 293. Further, even in the event Creekmore becomes gainfully employed, "[m]any people are gainfully employed such that this would

not require the trial court to note it as a mitigating factor or afford it the same weight as [Creekmore] proposed." *Id.* at 301.

Creekmore did not identify any other mitigating circumstances at the sentencing hearing. Generally, "if the defendant fails to advance a mitigating circumstance at sentencing, this court will presume that the factor is not significant, and the defendant is precluded from advancing it as a mitigating circumstance for the first time on appeal." *Wells v. State*, 836 N.E.2d 475, 479 (Ind.Ct.App.2005), *trans. denied.* Indiana courts, however, have long held a defendant who pleads guilty extends a benefit to the State, and deserves to have some mitigating weight extended to him at sentencing. *Scott v. State*, 840 N.E.2d 376 (Ind.Ct.App.2006), *trans. denied.* This is so even where the defendant did not specifically request that the trial court consider his guilty plea as mitigating. *See id.* at 383 ("[a]lthough [defendant] did not explicitly argue that his guilty plea deserved mitigating treatment, we cannot say that the matter is waived").

In the instant case, we conclude Creekmore's guilty pleas were entitled to significant mitigating weight. He neither entered his pleas of guilty pursuant to an agreement from which he derived any benefit nor expressed an expectation that any benefit would be extended to him. The record is unclear as to whether the trial court considered as mitigating Creekmore's guilty pleas, and, if it did so consider, how much weight it afforded the pleas of guilty, if any. Because the trial court abused its discretion when it did not consider as mitigating Creekmore's pleas of guilty, we must remand with respect to the consecutive sentences imposed upon the

three crimes Creekmore committed prior to April 25, 2005.[8]

 We next turn to the sentences imposed upon the two crimes Creekmore committed after April 25, 2005. Under our post-*Blakely* statutory scheme, the trial court may impose any sentence that is authorized by statute and permissible under the Indiana constitution *"regardless of the presence or absence of aggravating circumstances or mitigating circumstances."* *Banks v. State*, 841 N.E.2d 654 (Ind.Ct.App.2006) (May, J., concurring in result), *trans. denied;* I.C. § 35–38–1–7.1(d), *as amended by* P.L. 71–2005, Sec. 3 (emphasis supplied). The trial court was statutorily authorized to order Creekmore's five, one-year terms of imprisonment to run consecutively. *See* I.C. § 35–50–1–2(c), *as amended by* P.L. 213–2005, Sec. 4. As noted, the trial court identified three aggravators, but did not identify as mitigating the fact that Creekmore pled guilty to each of the charges. Under the statutory scheme applicable to crimes committed prior to April 25, 2005, such would have constituted an abuse of discretion, as we found above. Under the new statutory scheme, however, any such error in sentencing is harmless. Put simply, the new statutory scheme does not require the finding and balancing of aggravating and mitigating circumstances. *See* I.C. § 35–38–1–7.1(d). We cannot say, therefore, that the trial court abused its discretion.

### 3.

 Creekmore contends the trial court abused its discretion in ordering him to pay prosecutor's collection fees. We review the imposition of fees for an abuse

of discretion. *Mathis v. State*, 776 N.E.2d 1283 (Ind.Ct.App.2002), *trans. denied.*

Ind.Code Ann. § 33–37–4–1 (West, Premise through 2006 Public Laws approved and effective through March 15, 2006) lists the various fees that may be collected from a defendant in a criminal action resulting in a felony or misdemeanor conviction. The statute provides that such defendants shall be required to pay a fee of $120.00, and may be required to pay, among others, a "prosecution ... fee." I.C. § 33–37–4–1(a) and (b)(5). The prosecution fee, however, applies only to "a person convicted of an offense under IC 35–48–4." I.C. § 33–37–5–9 (West, Premise through 2006 Public Laws approved and effective through March 15, 2006). Creekmore was convicted of check deception pursuant to I.C. § 35–43–5–5, and, therefore, I.C. § 33–37–5–9 is inapplicable.

Citing *Mathis v. State*, the State contends the trial court did not abuse its discretion when it ordered Creekmore to pay prosecutor's collection fees. In *Mathis*, the defendant challenged the imposition of public defender fees and court costs. On appeal, we reduced the imposition of public defender fees and upheld the imposition of court costs, holding, "there is no abuse of discretion when the trial court assesses fees *within the statutory limit* but only refers to those fees under the general heading of 'court costs.'" *Mathis v. State*, 776 N.E.2d at 1289 (emphasis supplied) (citing I.C. § 33–19–5–1 (repealed by Public Law 98–2004, and recodified under I.C. § 33–37–4–1)).

Unlike the trial court in *Mathis*, the trial court in the instant case imposed fees that were not authorized by statute. *See*

---

8. As to these three crimes, we need not reach the issue of whether the sentences imposed thereon were "inappropriate in light of the nature of the offense and the character of the offender" under Appellate Rule 7(B) because

we find that the trial court abused its discretion. *See Eaton v. State*, 825 N.E.2d 1287 (Ind.Ct.App.2005) (where the trial court imposed an erroneous sentence, appropriateness of sentence need not be addressed).

I.C. § 33–37–4–1. The trial court, therefore, necessarily abused its discretion when it imposed fees not authorized by statute. We have not discovered, and the State has not provided, any authority supportive of the imposition of prosecutor's collection fees under the circumstances of the instant case. In light of the foregoing, we reverse the trial court's order with respect to the prosecutor's collection fees as to the five appealed convictions.[9]

### 4.

 Creekmore contends his sentence is inappropriate. We will address Creekmore's appropriateness challenge only with regard to the sentences imposed upon the two crimes he committed after April 25, 2005.[10] We may review and revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find the sentence is inappropriate in light of the nature of the offense and the character of the offender. *Buggs v. State*, 844 N.E.2d 195 (Ind.Ct.App.2006), *trans. denied;* Ind. Appellate Rule 7(B). Although appellate review of sentences must give due consideration to the trial court's sentencing determination because of its special expertise in making sentencing decisions, Appellate Rule 7(B) is an authorization to revise sentences when certain broad conditions are satisfied. *Buggs v. State*, 844 N.E.2d 195.

As to the nature of the offenses, Creekmore wrote bad checks to five different businesses, four of which he wrote multiple bad checks. The bad checks were written over a six-month period, and totaled nearly $2,200. *See Smith v. State*, 839 N.E.2d 780 (Ind.Ct.App.2005) (sentence appropriate where nature of the offense included repeated harassment over three-month period). As to the character of the offender, Creekmore stated he knew the account upon which he wrote the checks was either overdrawn or closed. Creekmore did not pay any restitution to the businesses despite his stated desire to do so. In light of the nature of the offenses and character of the offender, we cannot say Creekmore's sentence is inappropriate and in need of revision.

### 5.

 Creekmore contends he did not knowingly, voluntarily, or intelligently waive his right to counsel. Creekmore is before us on a direct appeal, not from the denial of a petition for post-conviction relief. The State asserts this is not a claim that may be raised on direct appeal. We agree.

 With limited exceptions, "a conviction based upon a guilty plea may not be challenged by ... direct appeal." *Tumulty v. State*, 666 N.E.2d 394, 395 (Ind.1996). The correct avenue for presenting such claims is post-conviction relief. *Brightman v. State*, 758 N.E.2d 41 (Ind.2001). Two exceptions to the prohibition on challenging a guilty plea on direct appeal have been recognized. First, a person who pleads guilty is entitled to contest on direct appeal the merits of a trial court's sentencing decision where the trial court exercised sentencing discretion. *Collins v. State*, 817 N.E.2d 230 (Ind.2004).

---

**9.** In his brief, Creekmore states, "[f]or each case, the court assessed against Mr. Creekmore a $20 'Prosecutor's Fee.'" *Appellant's Brief* at 19. For the five convictions that Creekmore now appeals *(see supra* note 3 and accompanying text), the trial court only imposed prosecutor's collection fees totaling $90, not $100. We note further that the trial court imposed prosecutor's collection fees for all thirteen convictions. Creekmore, however, only appeals five of the thirteen convictions, and we do not address the prosecutor's collection fees imposed pursuant to the additional eight convictions.

**10.** *See supra* note 8 and accompanying text.

Further, a person who pleads guilty is entitled to contest on direct appeal the trial court's discretion in denying withdrawal of the guilty plea prior to sentencing. *Brightman v. State,* 758 N.E.2d 41. The issue of whether Creekmore knowingly, voluntarily, and intelligently waived his right to counsel should be pursued by filing a petition for post-conviction relief.[11] Accordingly, Creekmore's appeal as to this issue is dismissed. *See Weigle v. State,* 163 Ind.App. 69, 321 N.E.2d 765 (1975).

Judgment affirmed in part and reversed in part and remanded.

BARNES, J., and MATHIAS, J., concur.

---

11. In *Stamper v. State,* 809 N.E.2d 352 (Ind. Ct.App.2004), we addressed the defendant's claim that he was denied the right to counsel despite the fact that he was convicted pursuant to a guilty plea. We explained, however, that the defendant "specifically limit[ed] his claim of denial of counsel to the sentencing phase only. Thus, he [was] not challenging the validity of the guilty plea." *Id.* at 353 n. 1. In the instant case, Creekmore does not specifically limit his claim to the sentencing phase, and, therefore, his claim is dismissed.