**Michael LOOS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A05–0703–CR–147.

Court of Appeals of Indiana.

Oct. 25, 2007.

Lilaberdia Batties, Batties & Associates, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Nicole M. Schuster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

CRONE, Judge.

### Case Summary

Michael Loos appeals his sentence for class C felony battery. We affirm.

### Issue

The issue is whether the trial court's sentencing statement lacked such specificity as to amount to an abuse of discretion.

### Facts and Procedural History

On October 14, 2006, Loos was in the Indianapolis home of his girlfriend, Nicole Parr, who was four-and-a-half months pregnant at the time. Loos was aware of the pregnancy. The couple began to argue, and Loos repeatedly kicked and kneed Parr in the abdomen. She cried out in pain and asked why he would hurt the baby. She struggled with him and eventually got him to leave.

Loos left the apartment but remained outside the door for several hours. Meanwhile, Parr was in extreme pain. She had no telephone and was unable to seek help. Loos had a cell phone but would not phone the police when Parr requested help. The following morning, she was bleeding clots from her vagina, and her sister took her to Methodist Hospital. Doctors informed her that although they detected a heartbeat, there was blood surrounding the baby and bruising on Parr's lower abdomen. While at the hospital, Parr reported the incident to police.

Parr was released from Methodist and continued to experience severe pain. On October 17, she awoke at 2:30 a.m. to excruciating pain and uncontrollable bleeding. Her mother took her to Methodist, and she delivered a stillborn baby boy at 6:15 a.m. In the process, Parr lost five-and-a-half pints of blood. Loos subsequently contacted Parr numerous times in violation of a protective order.

On October 26, 2006, the State charged Loos with class B felony aggravated battery, class C felony battery, class D felony domestic battery, class D felony criminal confinement, class A misdemeanor invasion of privacy, and class B misdemeanor battery. On January 26, 2007, in exchange for dismissal of the remaining charges and charges in another cause, Loos pled guilty to class C felony battery pursuant to a plea agreement. Sentencing was left to the trial court's discretion. At a hearing on February 9, 2007, the trial court sentenced Loos to eight years' imprisonment, with seven years executed and one year suspended to probation. The court stated,

> I've read the Pre–Sentence Report and heard the evidence and for the record, I'll note that on April 14th in Johnson County, he was found guilty of Battery with Injury. On March the 27th, '03, he [was] found guilty of Criminal Mischief, a class A misdemeanor. On January 29th, '07, guilty to Count I, which was Invasion of Privacy. And then we have a situation where he admitted that he kicked and kneed a pregnant woman. It's bad enough to hit a woman, but to kick and knee a pregnant woman in the stomach, in society, it doesn't condone those type[s] of things. So you just don't do it. I mean, there [are] some things you do in life and some things you don't do in life if you're any kind of person in my opinion. So, this is a class C felony, there will be an eight year sentence. Of the eight years, seven years will be executed in DOC, one year will be on probation. That's to give you a chance to give back.

Tr. at 27–28. Loos now appeals his sentence.

## Discussion and Decision

Loos contends that the trial court abused its discretion by sentencing him to eight years for class C felony battery. According to Indiana Code Section 35–50–2–6, "[a] person who commits a Class C felony shall be imprisoned for a fixed term of between two (2) and eight (8) years, with the advisory sentence being four (4) years." [1] Under our amended sentencing scheme, a trial court may impose any sentence that is authorized by statute and permissible under the Indiana Constitution, regardless of the presence or absence of aggravating or mitigating circumstances. Ind.Code § 35–38–1–7.1(d). If the court finds aggravating or mitigating circumstances, the court's record must include "a statement of the court's reasons for selecting the sentence that it imposes." Ind.Code § 35–38–1–3. "Indiana trial courts are required to enter sentencing statements whenever imposing sentence for a felony offense." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind.2007); *see also* Ind.Code § 35–38–1–1.3 (effective July 1, 2007).

In *Anglemyer*, our supreme court recently clarified this aspect of the sentencing statutes as amended in 2005, stating that the trial court's sentencing statement must include a "reasonably detailed recitation" of its reasons for imposing the particular sentence. 868 N.E.2d at 490. This includes both identification and explanation of any significant aggravating circumstances. *Id.* Loos essentially argues that the trial court's sentencing statement lacked specificity regarding aggravating circumstances.

We review a trial court's sentencing order for an abuse of discretion. *Windhorst v. State*, 868 N.E.2d 504, 506 (Ind.2007).

---

1. Effective April 25, 2005, the Indiana General Assembly amended our state sentencing statutes. The amended sentencing scheme therefore applies to Loos, whose crime was committed thereafter. *See Anglemyer v. State,* 868 N.E.2d 482, 494 n. 9 (Ind.2007).

"An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Anglemyer*, 868 N.E.2d at 490 (citation and quotation marks omitted).

Loos appears to assert that the trial court's omission of the word "aggravating" in its sentencing statement is an abuse of discretion. We disagree. The trial court adequately described the factors that supported the eight-year sentence: Loos's history of criminal behavior and his violent acts against a pregnant woman. The omission of the word "aggravating" does not make the court's reasoning any less apparent, and we decline any invitation to require such a "magic word." *Creekmore v. State*, 853 N.E.2d 523, 529 (Ind.Ct.App. 2006), *trans. denied.* The record supports the trial court's findings, and "[t]he relative weight or value assignable to reasons properly found or those which should have been found is not subject to review for abuse." *Anglemyer, 868 N.E.2d* at 491. We therefore affirm.

Affirmed.

DARDEN, J, and MAY, J., concur.