**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Feb 07 2013, 9:26 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**PATRICIA CARESS McMATH**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J. T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| GREGORY D. SUTTON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 01A02-1210-CR-876 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ADAMS CIRCUIT COURT
The Honorable Frederick A. Schurger, Judge
Cause No. 01C01-0903-FC-9

**February 7, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

## Case Summary

Gregory D. Sutton appeals his eight-year executed sentence for Class C felony nonsupport of a dependent child. He contends that his sentence is inappropriate in light of the nature of the offense and his character. Because we conclude that Sutton's sentence is not inappropriate in light of the nature of the offense and his character, we affirm.

## Facts and Procedural History

In March 2009, the State charged Sutton with Class C felony nonsupport of a dependent child. The State alleged that Sutton failed to pay $20,594.67 in child support as ordered between January 1, 2007, and March 6, 2009. Sutton pled guilty to the charge in July 2012, and a sentencing hearing was set for September 2012.

Sutton failed to appear at his sentencing as ordered. The trial court proceeded to sentence Sutton over an objection from his counsel. The State asked the trial court to impose the maximum eight-year sentence, calling the court's attention to Sutton's criminal history, which included two felony convictions for operating a vehicle while intoxicated and theft, and four misdemeanor convictions for battery, criminal trespass, operating a vehicle while intoxicated, and criminal mischief. Sutton also violated his probation three times and was unsuccessfully released from probation twice. The State provided additional evidence that Sutton's arrearage had grown to $30,674.67, and that in the past four years, Sutton had paid only $300 in support, despite paying thousands of dollars in bond money. Tr. p. 20.

Sutton's counsel argued that an eight-year sentence was excessive and would be a hardship to Sutton and his children. *Id.* at 21. Counsel also noted that the presentence investigation report indicated that Sutton had his GED and was only "a moderate risk" to reoffend. Finally, counsel argued that Sutton had only failed to pay support because he owned nothing of value and had a number of medical bills. *Id.* Counsel asked the trial court to impose a two-year sentence.

The trial court summarized the evidence against Sutton:

> The court would note that it appears, number one, that over the period of time particularly from the time the body attachment went out and he came up with the [$3000] and the minimal amount that's been paid since that time and then his ability to bond out in this cause, the, would indicate that he has money when he wants to pay it and so it appears to me, you know, if you think about this offense, he has no physical limitations and he's displayed an attitude to do as he pleased but not pay child support. He has a significant criminal history which I think the court could and should take into account. He skipped the sentencing hearing today in order to, I guess, to avoid any penalty. I don't know why he failed to appear . . . .

*Id.* at 22. As for any mitigating evidence, the trial court told Sutton's counsel that he "did a wonderful job with what you had . . . but it's kind of limited." *Id.* Having considered all the evidence, the court granted the State's request and imposed an eight-year sentence, noting:

> The, the Supreme Court is saying, you know, apply the max only in the case where you'd have one of the worst ones. Certainly a $30,000 arrearage[,] that tends to be among the worst. I'm sure there are people who got it worse than that[,] but it's among the worst. The failure to appear, the lengthy criminal history, and pattern of probation not working for him in a number of his prior cases all indicates against a probation resolution . . . .

*Id.* at 23. Sutton now appeals.

**Discussion and Decision**

3

On appeal, Sutton argues that his sentence is inappropriate in light of the nature of the offense and his character.[1] We disagree.

Although a trial court may have acted within its lawful discretion in imposing a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of sentences through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Reid v. State*, 876 N.E.2d 1114, 1116 (Ind. 2007) (citing *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007)). The defendant has the burden of persuading us that his sentence is inappropriate. *Id.* (citing *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006)).

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of

---

[1] In a final sentence in his appellate brief, Sutton argues that his self-employment and sporadic payment of support during the two years he was charged with failing to pay support were mitigating factors. *See* Appellant's Br. p. 5. But Sutton's counsel did not argue as much at sentencing, nor was Sutton present to make these arguments on his own behalf. Sutton frames his appellate argument as a challenge to the appropriateness of his sentence. And to the extent he implies a challenge to the court's consideration of mitigating circumstances, it is well established that a trial court cannot be said to abuse its discretion by failing to consider a mitigating factor not raised at sentencing. *Anglemyer v. State*, 868 N.E.2d 482, 492 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007); *see also Creekmore v. State*, 853 N.E.2d 523, 530 (Ind. Ct. App. 2006) ("[I]f the defendant fails to advance a mitigating circumstance at sentencing, this court will presume that the factor is not significant, and the defendant is precluded from advancing it as a mitigating circumstance for the first time on appeal.").

counts, or length of the sentence on any individual count." *Id.* Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case. *Id.* at 1224.

The sentencing range for a Class C felony is two to eight years, with four years being the advisory term. Ind. Code § 35-50-2-6. Here, the trial court sentenced Sutton to the maximum sentence, eight years.

Regarding the nature of the offense, there is nothing in the record that indicates that this sentence is inappropriate. When a parent fails to pay at least $15,000 in support, they commit Class C felony nonsupport of a dependent child. Sutton owes twice that amount in unpaid support. And as the trial court aptly noted, Sutton had no physical or other ailments or limitations which would prevent him from earning money to meet his child-support obligation. And although Sutton failed to pay support, he was able to find thousands of dollars to make bond. The nature of this offense supports a sentence above the advisory term.

As for Sutton's character, he has a significant criminal history that includes two felony convictions for operating a vehicle while intoxicated and theft. *See* Appellant's App. p. 72-73. He also has misdemeanor convictions for battery, criminal trespass, operating a vehicle while intoxicated, and criminal mischief. *Id.* Sutton has violated his probation on at least three occasions and was twice unsuccessfully released from probation. *Id.* Sutton has a history of failing to comply with the law and his child-

support obligation. He has not convinced us that his character warrants a reduction in his sentence.

After due consideration of the trial court's decision, we cannot say that Sutton's eight-year executed sentence is inappropriate in light of the nature of the offense and his character.

Affirmed.

BAILEY, J., and BROWN, J., concur.