**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**CARLOS I. CARRILLO**
Ball Eggleston PC
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TONYA WILLIAMS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 79A04-1303-CR-151 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE TIPPECANOE SUPERIOR COURT
The Honorable Randy J. Williams, Judge
Cause No. 79D01-1211-FC-42, 79DO1-1104-FC-23

**December 31, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Tonya Williams was convicted of Class C felony operating a vehicle while her driving privileges were forfeited for life[1] and was sentenced to eight years. She argues the court should have found two additional mitigators and her sentence is inappropriate in light of her character and offense. We affirm.

## FACTS AND PROCEDURAL HISTORY

On November 6, 2012, while her driving privileges were forfeited for life, Williams drove a car that was involved in a collision with another vehicle. Police arrested Williams after discovering the status of her driving privileges. The State charged her with Class C felony operating while her driving privileges were forfeited for life, and Williams pled guilty. The offense carries a fixed term of two to eight years, with an advisory sentence of four years. Ind. Code § 35-50-2-6.

The sentencing court found aggravating factors in Williams' criminal history, in four true findings of prior probation violations, and in the fact Williams was on felony probation in two cases when she committed the instant crime. As mitigators, the court acknowledged Williams' guilty plea, the undue hardship her incarceration would cause on a dependent, and Williams' mental health issues. The court found the aggravators outweighed the mitigators and imposed the following sentence:

> Eight years Indiana Department of Corrections [sic]. Four years executed. Two [years in] Department of Corrections [sic], [and] two years [in] Community Corrections. Four years suspended. Three years supervised [probation], [and] one year unsupervised [probation].

[1] Ind. Code § 9-30-10-17.

(Tr. at 49-50.)

## DISCUSSION AND DECISION

1.      <u>Finding of Mitigators</u>

Williams argues the trial court abused its discretion when sentencing her because it did not consider all mitigating factors. Sentencing decisions rest within the sound discretion of the trial court and will be disturbed only on a showing of abuse of discretion. *Anderson v. State*, 989 N.E.2d 823, 826 (Ind. Ct. App. 2013), *trans. denied.* An abuse of discretion occurs when the decision is clearly against the logic and effect of the evidence before the court or the reasonable inferences to be drawn therefrom. *Id.*

An appellant has the burden of showing a mitigating factor was offered to the trial court and is both significant and clearly supported by the record. *Anglemyer v. State*, 868 N.E.2d 482, 493 (Ind. 2007), *modified on reh'g on other grounds* 875 N.E.2d 218 (Ind. 2007). A trial court is not required to accept a defendant's argument as to what constitutes a mitigating factor or to provide mitigating factors the weight asserted by a defendant. *Conley v. State*, 972 N.E.2d 864, 873 (Ind. 2012). It is not error to decline to find a mitigating factor that is "highly disputable in nature, weight, or significance." *Healey v. State*, 969 N.E.2d 607, 616 (Ind. Ct. App. 2012) (citation omitted), *trans. denied.* Nor is a trial court required to explain why it did not find a factor significantly mitigating. *Creekmore v. State*, 853 N.E.2d 523, 530 (Ind. Ct. App. 2006). A trial court's consideration of factors may be evidenced either in the written order or in an oral sentencing statement. *Gleason v. State*, 965 N.E.2d 702, 711 (Ind. Ct. App. 2012).

Williams asserts the trial court should have found mitigators in the fact that she was driving to visit her husband in the hospital and the fact that she would have only limited access to medical care while incarcerated. We cannot agree.

At the sentencing hearing, Williams requested leniency to deal with her medical issues. The court said:

> Let's see, August 28th, 2011, circumstances you wish the Court to consider. Also, please consider my medical problems. Furthermore, please just allow me to not be incarcerated to jail or prison so that I may get the help I so desperately need and that I be here for my family. And you go[t] three years at Community Corrections and three years suspended. That's what I did November of 2011. March 11, 2013, circumstances you wish the Court to consider. Let's see, please I would like to not be punished with jail time so that I may get the mental and physical treatment I need. It's the same story.

(Tr. at 46-47.) As for the alleged unavailability of medical treatment, we note the trial court asked about medical records that would substantiate Williams' brain tumor, and counsel said, "I don't think we have medical records." (*Id*. at 42.) As there was no such evidence the sentencing court was not obliged to accept Williams' assertion that treatment would be unavailable while she was in the DOC. The court did not abuse its discretion by overlooking a mitigator that was both significant and clearly supported. *See Cardwell v. State*, 895 N.E.2d 1219, 1226 (Ind. 2008) (no abuse of discretion in rejection of vision problems as a proposed mitigator when court had "noted its skepticism").

As for Williams's assertion that the court should have found a mitigator in the fact she was driving to the hospital to visit her husband, the court said:

> A year and a half ago [when she was convicted of driving without a license], it was right around the tenth anniversary of your mother's death and here something else triggered it. Now, I'll acknowledge, if this had been the---that

4

you were driving to the hospital to take your husband to the hospital because of his condition or immediately thereafter I'd look at it probably differently. But it's not. You'd been there. You'd come back. You had opportunity, you had all kind of support here. All kinds of people that could put you, could have helped you. You are a danger . . . to others.

(Tr. at 47.) We cannot hold the court abused its discretion in rejecting this proposed mitigator. *See*, *e.g.*, *Cardwell*, 895 N.E.2d at 1226 (affirming rejection of proposed mitigator because court was permitted to judge credibility of the witnesses).

2. Inappropriateness of Sentence

Under Indiana Appellate Rule 7(B), we may "revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Although we may review and revise a sentence, "[t]he principal role of appellate review should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell*, 895 N.E.2d at 1225. We must give "deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give due consideration to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Trainor v. State,* 950 N.E.2d 352, 355-56 (Ind. Ct. App. 2011) (quoting *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007)) (internal quotation marks omitted), *trans. denied*.

When we review the appropriateness of a sentence, we consider "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that

come to light in a given case." *Cardwell*, 895 N.E.2d at 1224. Before we may revise a sentence, the appellant must demonstrate the sentence is "inappropriate in light of *both* the nature of his offenses and his character." *Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008) (emphasis added). The "nature of offense" compares the appellant's actions with the required showing to sustain a conviction under the charged offense, *Anderson*, 989 N.E.2d at 827, while the "character of the offender" permits for a broader consideration of the appellant's character. *Id.*

We cannot hold Williams' sentence inappropriate in light of her character. An extensive criminal history reflects poorly on an offender's character. *Schmidt v. State*, 952 N.E.2d 249, 253 (Ind. Ct. App. 2011), *trans. denied.* The significance of a criminal history when assessing the appropriateness of a sentence varies based on the gravity, nature, and number of prior offenses in relation to the current offense. *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007). Williams had been convicted three times of misdemeanor driving with a suspended license, once for misdemeanor operating a vehicle while intoxicated, once for felony operating as a habitual traffic violator, and twice for felony operating after a lifetime forfeiture. During periods of probation ordered for those crimes, the State filed six petitions to revoke probation and the court found the State proved four probation violations. The court noted that it had given Williams leniency in the past, but she continued to drive when she was a danger to herself and others.

We see nothing inappropriate about the eight-year sentence imposed for Williams' third conviction of Class C felony operating after a lifetime forfeiture of her driver's license,

6

*see Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013) (holding two consecutive maximum sentences were not inappropriate in light of appellant's criminal history), and accordingly we affirm.

Affirmed.

BAILEY, J., and BRADFORD, J., concur.