**Christopher CREEKMORE, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 43A03–0509–CR–466.**

Court of Appeals of Indiana.

Dec. 13, 2006.

J. Brad Voelz, Warsaw, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Matthew D. Fisher, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION ON REHEARING

FRIEDLANDER, Judge.

In a published opinion, we affirmed in part and reversed and remanded in part the sentence imposed upon Creekmore's multiple convictions of Check Deception.[1] *See Creekmore v. State,* 853 N.E.2d 523 (Ind.Ct.App.2006). The pertinent facts are set out in that opinion and need not be repeated in detail here. The State petitions for rehearing, urging us to reconsider our conclusion that the trial court abused its discretion by imposing collection fees. We deny the petition, but write to clarify our original opinion.

Creekmore wrote thirteen dishonored checks to five companies. The State charged Creekmore with thirteen counts of check deception, to which Creekmore pleaded guilty. Following a hearing, the trial court imposed upon Creekmore a "prosecutor's collection fee" for each of the thirteen counts. *Id.* at 527. Creekmore appealed the sentence imposed upon only five of the thirteen counts, contending the trial court abused its discretion when it ordered him to pay $90 in "prosecutor's collection fees." *See Creekmore v. State,* 853 N.E.2d at 532 n. 9. Upon appeal, we held the imposition of the "prosecutor's collection fees" was an abuse of discretion because the fees were not authorized by Ind.Code Ann. § 33–37–4–1 (West, PREMISE through 2006 Public Laws approved and effective through March 15, 2006), and the State did not provide "any authority supportive of the imposition of prosecutor's collection fees under the circumstances of the instant case." *Creekmore v. State,* 853 N.E.2d at 532.

In its petition, the State contends "the imposition of the prosecutor's fee is ... statutorily authorized[ ] under the Indiana Home Rule Chapter of Indiana Code Title 36." *Appellee's Petition for Rehearing* at 4. Ind.Code Ann. § 36–1–3–2 (West, PREMISE through 2006 2nd Regular Sess.) states, "[t]he policy of the [S]tate is to grant units all the powers that they need for the effective operation of government as to local affairs." Based upon this statute, the State contends Kosciusko County, which is a "unit" under I.C. § 36–1–2–23, was authorized to collect a fee for processing dishonored checks pursuant to "Kosciusko County, Ind., General Ordinance No. 95–4 (Feb. 7, 1995)." *Appellee's Petition for Rehearing* at 2.

The State did not make this argument upon appeal, nor did it cite either the Indiana Home Rule statute or the Kosciusko County ordinance. Our Supreme Court has stated that "issues in an

---

1. Ind.Code Ann. § 35–43–5–5 (West, PREMISE through 2006 Public Laws approved and effective through March 15, 2006).

appeal are typically fixed by the briefs tendered to the Court of Appeals. Moreover, as the leading treatise in the field correctly observes, a petition for rehearing in the Court of Appeals must rely on the same theory as that advanced in the original brief." *State v. Jones*, 835 N.E.2d 1002, 1004 (Ind.2005) (citing George T. Patton, Indiana Practice: Appellate Procedure § 12.1 (3d ed.2001)). The State's petition, therefore, is denied. We write separately, however, to clarify that the imposition of a fee for the collection of a dishonored check is not impermissible. Notwithstanding our conclusion that a "prosecutor's collection fee" was not authorized pursuant to I.C. § 33–37–4–1, such a fee may be imposed where it is otherwise authorized by, *e.g.,* the Indiana Home Rule statute and a valid county ordinance.

MATHIAS, J., and BARNES, J., concur.