**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**MARK A. THOMA**
Leonard, Hammond, Thoma & Terrill
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana



FILED

Jun 26 2012, 9:38 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KOKO WIN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1111-CR-523 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Frances C. Gull, Judge
Cause No. 02D05-1011-FC-272

**June 26, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Koko Win appeals his four-year sentence with two years suspended to probation for Class C felony child molesting. He argues that the trial court abused its discretion in not identifying several mitigators and that his sentence is inappropriate. Finding no abuse of discretion and that Win has failed to persuade us that his advisory sentence with two years suspended is inappropriate, we affirm.

**Facts and Procedural History**

Throughout the years, Carol Balazs has taken in several foster children, some of whom she has adopted. Both Win and S.B. were foster children in Carol's home; Carol adopted S.B.

When thirteen-year-old S.B. came home from school on September 21, 2010, her foster brother Win was visiting. At the time, Win was nineteen years old, married, and had an infant son. S.B. called Carol and received permission to go to Win's house to see his son. When they arrived at Win's house, however, S.B. was surprised to see that neither Win's wife nor his son was present. Win went upstairs and told S.B. to follow him. S.B. sat on Win's bed while he went into the closet. Win then gave S.B. an iPod, which she had wanted for a long time. S.B. hugged Win in appreciation for the gift. But then Win sat down by S.B. and started rubbing her leg. S.B. "kicked him off," at which point Win "got on top of [S.B.] and he started rubbing [her] chest and [her] vaginal areas" with his hand. Tr. p. 29-30. Win tried to put his hand up S.B.'s shirt but only "got about halfway up." *Id.* at 30. When Win tried to kiss S.B. on the lips, she moved, and the kiss landed on her cheek instead. At this point, S.B. exclaimed, "What are you doing?" *Id.* at

2

31. Win responded that his dad said that they should get married. Win then "picked [S.B.] up like when people get married" and tried to carry her to another room. *Id.* S.B. resisted, so Win sat her down and said "[one] more kiss and I'll let you go." *Id.*

S.B. freed herself and ran out of Win's house. Win followed. S.B. was running in the direction of her nearby pastor's house when she encountered a college student named Tiasean Pearson driving by. S.B. was "hysterical, crying, shaking, [and] nervous." *Id.* at 55. Tiasean called the police. While S.B. and Tiasean were waiting for the police, Win pulled up in his car and told Tiasean that S.B. had to go with him. Fearing for her safety, Tiasean told S.B. to get into his car. Tiasean then told Win that he was taking S.B. to the police station. Tiasean saw a police officer in a Walgreens parking lot and stopped. In the meantime, Win called 911 to report S.B. as a runaway. During this time, Carol talked to Win on the phone and asked him why S.B. ran away; Win responded, "I only touched her" or "all I did was touch her." *Id.* at 80.

Later that night, Win texted S.B. the following message:

hey. i m sorry for everything and i will never see u come to u r house anymore please forgive me everything but i just want u to know i was losing my mind and being sister and brother but no im really konw for everything i have done and i was crying infront of God so u also forgive too and i m promise that i m not comin over anymore if u want keep my gift go head and keep it or through away ok . . . that saw I want to say. Ps . . . u know that I've got wife and kid if i m not here they going to be without helpless so keep in u r mine that my request and i really promise i will not come over and u will not see my anywhere and i might move another state . . . . thank u and May God Bless U

Ex. 4 (ellipses and errors in original).

The State charged Win with Class C felony child molesting (touching or fondling). Ind. Code § 35-42-4-3(b). In September 2011, a jury trial was held, and the jury found

3

Win guilty as charged. At his sentencing hearing, Win argued that there were several mitigating circumstances: (1) his relatively young age, (2) imprisonment would cause an undue hardship on his wife and young son, (3) his history of gainful employment, and (4) his lack of a criminal history. The trial court, however, found only one mitigator: Win had no criminal history. As for Win's proposed mitigators, the trial court explained:

> Your attorney has asked that I consider your age as a mitigator; I refuse to do that. You're clearly old enough to know better and you're clearly old enough to know that what you did was not only inappropriate, but horribly illegal. The fact that you are married with a child and that a long term of incarceration might impose an undue hardship, I refuse to find that as a mitigator. You had a child at the time and used that child to lure this girl to your home. The fact that you were gainfully employed, well, we expect you to be gainfully employed, Mr. Win.

Sent. Tr. p. 14. The trial court found two aggravators, (1) the nature of the crime and (2) violation of a position of trust. The court elaborated,

> This is your sister, Mr. Win. Now, I realize that she was your foster sister, but this was a family that took you in and sheltered you and tried to protect you when you came to this country, and this is how you repay them? This is what you do to them? You should be ashamed of yourself, Mr. Win.

*Id.* at 15. The trial court sentenced Win to four years in the Department of Correction with two years suspended to probation.

Win now appeals his sentence.

### Discussion and Decision

Win raises several issues on appeal, which we restate as follows: (1) the trial court abused its discretion in not identifying several mitigators and (2) his four-year sentence with two years suspended to probation is inappropriate.

### I. Abuse of Discretion

4

Win contends that the trial court abused its discretion in not identifying several mitigators.[1] Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). So long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Id.* An abuse of discretion will be found where the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* We can review the presence or absence of reasons justifying a sentence for an abuse of discretion, but we cannot review the relative weight given to these reasons. *Id.* at 491. One way in which a court may abuse its discretion is by entering a sentencing statement that omits mitigating circumstances that are clearly supported by the record and advanced for consideration. *Id.* at 490-91. However, a trial court is not obligated to accept a defendant's claim as to what constitutes a mitigating circumstance. *Rascoe v. State*, 736 N.E.2d 246, 249 (Ind. 2000).

Win specifically argues that the trial court abused its discretion in failing to identify as mitigators (1) his young age, (2) that imprisonment would cause an undue hardship to his family, and (3) that he was gainfully employed. The trial court specifically rejected Win's age as a mitigator because, at the age of nineteen, Win was "clearly old enough to know better" and "clearly old enough to know that what [he] did was not only inappropriate, but horribly illegal." Sent. Tr. p. 14. In addition, even

---

[1] To the extent that Win argues that the trial court abused its discretion in identifying the nature of the crime as an aggravating circumstance, we find the nature of the crime to be a proper aggravator. The trial court justified this aggravator by noting that Win violated the trust of his entire foster family, which had taken him in and protected him. *See McElroy v. State*, 865 N.E.2d 584, 589-90 (Ind. 2007).

though Win was nineteen years old at the time of the offense, he was a high-school graduate, married, had a child, and had taken some college courses. These are the actions of an adult. Accordingly, the trial court did not abuse its discretion in not identifying Win's young age as a mitigator.

As for the hardship that imprisonment will cause to Win's wife and young son, we note that many people convicted of crimes have one or more dependents and, "absent special circumstances, trial courts are not required to find that imprisonment will result in an undue hardship." *Dowdell v. State*, 720 N.E.2d 1146, 1154 (Ind. 1999); *see also Benefield v. State*, 904 N.E.2d 239, 247-48 (Ind. Ct. App. 2009) (recognizing that incarceration "almost always" works a hardship on others and concluding that the defendant failed to show "special circumstances" because there were other people who could take care of the defendant's mother while she was incarcerated), *trans. denied.* Win has failed to show any special circumstances; in fact, the record shows that Win, his wife, and his son lived with his wife's parents.

Win also argues that the trial court should have identified his employment history as a mitigator, but he does not explain why. The trial court specifically found that it was not a mitigator because, quite frankly, "we expect you to be gainfully employed." Sent. Tr. p. 14. As we have noted before, "[m]any people are gainfully employed such that this would not require the trial court to note it as a mitigating factor . . . ." *Creekmore v. State*, 853 N.E.2d 523, 530 (Ind. Ct. App. 2006), *clarified on reh'g on other grounds*, 858 N.E.2d 230 (Ind. Ct. App. 2006). Accordingly, the trial court did not abuse its discretion.

Finally, we note that Win argues that "there are additional mitigators of which the trial court should have been 'inherently aware' by virtue of the record in this matter." Appellant's Br. p. 11. Even though Win's defense counsel did not argue them at sentencing and therefore Win is precluded from arguing them for the first time on appeal, Win nevertheless claims that the trial court should have been "inherently aware" (1) of his risk-assessment score, (2) that his crime lasted "mere seconds" and caused no injury, and (3) that no restitution was requested. *Id.* at 11-12. In making this "inherent awareness" argument, however, Win erroneously relies on our Supreme Court's footnote 2 in *Francis v. State*, 817 N.E.2d 235, 237 n.2 (Ind. 2004). In *Francis*, our Supreme Court explained that even if a defendant fails to argue at sentencing that his guilty plea is a mitigating circumstance, "[b]ecause a sentencing court is inherently aware of the fact that a guilty plea is a mitigating circumstance," the defendant is not precluded from advancing it as a mitigator for the first time on appeal. *Id.* Our Supreme Court, however, has not applied this exception in any context other than guilty pleas. Because this case does not involve a guilty plea, the trial court did not abuse its discretion in not identifying the aggravators that Win now raises for the first time on appeal.

## II. Inappropriate Sentence

Win contends that his sentence is inappropriate and asks us to revise it to four years with three years (instead of two years) suspended to probation. Our rules authorize revision of a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). "[A] defendant must persuade the

appellate court that his or her sentence has met this inappropriateness standard of review." *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case. *Id.* at 1224. When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence is suspended. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010).

A person who commits a Class C felony shall be imprisoned for a fixed term between two and eight years, with the advisory sentence being four years. Ind. Code § 35-50-2-6. Here, the trial court sentenced Win to the advisory term of four years and suspended two years to probation.

As for the nature of the offense, Win lured his thirteen-year-old foster sister to his house after assuring her that his infant son was there and then gave her an iPod, which she had wanted for a long time. Win then touched and fondled S.B. despite her active resistance. When S.B. was finally able to escape Win, he followed her and tried to lure her back from a Good Samaritan. Later that same day, Win texted S.B. and asked her to

reconsider her allegations because he had a wife and son. The nature of this offense justifies Win's sentence.

As for Win's character, we acknowledge that, at the age of nineteen, this was his first criminal offense. In addition, Win appeared to have direction in his life and was married with a young child. But given the senseless nature of his offense, Win has failed to persuade us that his four-year sentence with two years suspended to probation is inappropriate.

Affirmed.

CRONE, J., and BRADFORD, J., concur.