**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 20 2012, 8:52 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**IAN O'KEEFE**
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JAMEY WAYNE THOMAS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 79A02-1110-CR-1066 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE TIPPECANOE SUPERIOR COURT
The Honorable Randy J. Williams, Judge
Cause Nos. 79D01-1101-FC-1 and 79D01-0408-FC-69

**July 20, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**DARDEN, Judge**

Jamey Thomas appeals the sentence imposed following his guilty plea to class C felony operating a motor vehicle while privileges were forfeited for life.[1]

We affirm.

## ISSUE

Whether the trial court erred in sentencing Thomas.

## FACTS

According to the Probable Cause Affidavit filed in this case, on January 6, 2011, Deputy Lendermon of the Tippecanoe County Sheriff's Department was patrolling on State Road 38 West when he noticed the operator of a vehicle fail to use his signal when changing lanes. Deputy Lendermon ran the vehicle's license plate and discovered that the car was registered to a Jennifer Walton. Next, Deputy Lendermon activated his emergency lights and stopped the vehicle. He had observed that Thomas was the driver of the vehicle and there were two females in the vehicle, one in the front passenger seat and the other in the rear seat. When Deputy Lendermon was approximately thirty feet away from the vehicle, he witnessed Thomas cross over into the front passenger seat and exit out of the passenger side door with the female. Deputy Lendermon asked Thomas why both had exited the vehicle, and Thomas stated that he thought they were supposed to do that.

---

[1]  Ind. Code § 9-30-10-17.

Deputy Lendermon identified the front passenger as Walton, who stated she had been the one driving, and the rear passenger as Nancy Wright. Deputy Lendermon gave dispatch Thomas's information and discovered that Thomas's license had been suspended for life because he was an habitual traffic violator. Deputy Lendermon again asked Walton who had been driving the vehicle, and she stated that she had been the one driving. He then placed her under arrest for false informing. Deputy Lendermon then asked Thomas who had been driving, and he responded that Walton had been driving. He then placed Thomas under arrest for operating a vehicle as an habitual traffic violator.

On January 7, 2011, the State charged Thomas with Count I, class C felony operating a motor vehicle while privileges are forfeited for life under cause number 79D01-1101-FC-1. On January 13, 2011, the State petitioned to revoke Thomas's probation under cause number 79D01-0408-FC-69.[2] In addition, the trial court held the initial hearing on the Petition to Revoke Probation on January 19, 2011.

Thomas pled guilty on September 7, 2011, without a plea agreement, to count I and admitted to violating his probation. The trial court held a sentencing hearing on October 5, 2011. During the sentencing hearing, Thomas testified that while he was incarcerated, he met with Dr. Jeffrey Wendt for evaluation. Dr. Wendt "suggested

---

[2] On June 29, 2005, Thomas had pled guilty to two counts of class C felony operating a motor vehicle while driving privileges were forfeited for life and one count of class A misdemeanor operating while intoxicated. The trial court had sentenced Thomas to thirteen years, with seven years to be executed at the Indiana Department of Correction, three years to be executed at Tippecanoe County Community Corrections, and three years to be suspended to supervised probation. A condition of Thomas's probation was that he not commit another felony or misdemeanor. Thomas was released from the Department of Correction to community corrections on August 18, 2008.

3

[Thomas] may be suffering from Post[-t]raumatic stress disorder." (PSI App. 14). Thomas further testified that this evaluation of Post-traumatic stress disorder was associated with him witnessing, at the age of seven, the death of his brother after he was struck by a vehicle.

The trial court identified the following as aggravating factors: Thomas's extensive, nine-page criminal history, his arrearage in child support, his substance abuse, and that he was on felony probation at the time he committed the instant offense. The trial court then found Thomas's guilty plea and that incarceration would cause an undue hardship on his child to be mitigating factors but that the aggravating factors outweighed the mitigating factors. The trial court sentenced Thomas to six years on Count I. Additionally, the trial court imposed a previously suspended sentence of 546 days for the probation violation.

## DECISION

Thomas contends that the trial court erred in sentencing him. Specifically, he argues that the trial court failed to identify certain other mitigating factors and that his sentence for his class C felony conviction was inappropriate.[3]

---

[3] Thomas also argues that his sentence for violating probation is inappropriate. However, he has waived this argument on appeal because he failed to "develop a cogent argument or provide adequate citation to authority and portions of the record." *Lyles v. State*, 834 N.E.2d 1035, 1050 (Ind. Ct. App. 2005), *trans. denied.* Waiver notwithstanding, we find that the trial court did not abuse its discretion in sentencing Thomas to 546 days for violating his probation. If the trial court finds that a person has violated the terms of his probation before the termination of the period and the petition to revoke is filed within the probationary period, the court may "order execution of all or part of the sentence that was suspended at the time of initial sentencing." I.C. § 35-38-2-3. We find that the trial court was acting within its discretion.

4

1. <u>Mitigating Factors</u>

Thomas asserts that the trial court abused its discretion in failing to consider his mental health issues, employment history, and remorse to be mitigating factors.[4]

"[S]entencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g,* 875 N.E.2d 218 (Ind. 2007). A court abuses its discretion when a decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *K.S. v. State,* 849 N.E.2d 538, 544 (Ind. 2006) (quoting *In re L.J.M.,* 473 N.E.2d 637, 640 (Ind. Ct. App. 1985)).

The finding of a mitigating factor is within the trial court's discretion. *McCann v. State*, 749 N.E.2d 1116, 1121 (Ind. 2001). A trial court may abuse its discretion if it enters a sentencing statement that omits mitigating factors "that are clearly supported by the record and advanced for consideration." *Anglemyer*, 868 N.E.2d at 490-91. A defendant who alleges that the trial court failed to identify a mitigating factor must establish that the mitigating factor is both "significant and clearly supported by the

---

[4] Additionally, Thomas asserts that the trial court abused its discretion in not finding the two letters written on his behalf; that his actions did not cause bodily injury to anyone; and, that his actions could not have potentially caused bodily injury to anyone to be mitigating. He, however, has waived any argument regarding the trial court's failure to find the two aforementioned factors to be mitigators. A defendant is precluded from advancing a factor as mitigating for the first time on appeal. *Creekmore v. State*, 853 N.E.2d 523, 530 (Ind. Ct. App. 2006), *clarified on reh'g,* 858 N.E.2d 230 (Ind. Ct. App. 2006). Waiver notwithstanding, even if the judge had considered those factors as mitigators, the aggravating factors, especially Thomas's extensive criminal history and violation of probation, would still support the sentence of six years.

record." *McCann*, 749 N.E.2d at 1121. Moreover, a trial court is not required to accept a defendant's assertion as to what constitutes a mitigating factor. *Rascoe v. State*, 736 N.E.2d 246, 248-49 (Ind. 2000).

### a. *Mental Health*

Thomas argues that the trial court failed to give his mental health issues any mitigating weight. During the sentencing hearing, Thomas testified that Dr. Wendt informed him that he could potentially be suffering from Post-traumatic stress disorder. Subsequently, the trial judge stated, "I understand Dr. Wendt's report, the recommendations." (Tr. 24). However, he chose not to find Thomas's alleged disorder a mitigating factor, but he did recommend that Thomas receive a mental health evaluation and counseling in the Department of Correction.

We agree with the trial court's finding. Even considering Thomas's testimony regarding Dr. Wendt's evaluation, there is no evidence that Dr. Wendt gave a definitive diagnosis of Post-traumatic stress disorder. Thomas has also not persuaded us that his mental health is a significant issue in this case as supported by the record. Hence, we find no abuse of discretion in failing to find this to be a mitigating factor.

### b. *Employment*

Thomas asserts that he has a good employment history, which the trial court should have considered as mitigating. Although Thomas is a self-employed tree cutter and he previously worked at Midwest Rentals, "many people are gainfully employed such that this would not require the trial court to note it as a mitigating factor." *Newsome*

6

*v. State*, 797 N.E.2d 293, 301 (Ind. Ct. App. 2003). Thomas's employment history is not a significant mitigating factor. Thus, we find the trial court did not abuse its discretion in failing to find this to be a mitigating factor.

      c. *Remorse*

Thomas contends that the trial court should have considered his remorse for his actions as a mitigator. Thomas testified that he was "sorry for making the poor decision [he] made. And if he had it to do over, [he'd] do it differently." (Tr. 11). A trial court's decision to believe that a person is remorseful is similar to a trial court's decision to believe that a person is credible. *Stout v. State*, 834 N.E.2d 707, 711 (Ind. Ct. App. 2005). Since we accept a trial court's determination of a witness' credibility, we also accept a trial court's determination of a defendant's remorse. Therefore, we cannot say that the trial court abused its discretion in not finding Thomas's remorse to be a mitigating factor.

2. Inappropriate Sentence

Thomas argues that his six-year sentence is inappropriate. We have the authority to revise a sentence if it is "inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). A court may impose any sentence that is authorized by statute and allowed under the Indiana Constitution. I.C. § 35-38-1-7.1(d). The defendant bears the burden of showing that his sentence is inappropriate. *Rich v. State*, 890 N.E.2d 44, 53 (Ind. Ct. App. 2008). "Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the

7

crime, the damage done to others, and myriad other factors that come to light in a given case." *Coleman v. State*, 952 N.E.2d 377, 384 (Ind. Ct. App. 2011).

In determining whether a sentence is inappropriate, the Legislature has established the advisory sentence as an appropriate starting point based on the crime committed. *Rich*, 890 N.E.2d at 53. The sentencing range for a class C felony is between two and eight years, with the advisory sentence being four years. I.C. § 35-50-2-6. The trial court sentenced Thomas to the six-year sentence he requested but not to Community Corrections.

In regard to Thomas's present offense and character, the record reveals that Thomas failed to use a signal when changing lanes and, consequently, a deputy sheriff stopped him. In an act of deception, Thomas then climbed over into the passenger seat and exited out of the passenger door. When the deputy sheriff asked who had been driving the car, both the passenger and Thomas lied and said that the passenger had been driving.

In addition, we note that Thomas was on felony probation when the instant offense was committed. He has a criminal history that spans over twenty-two years since he was adjudicated a delinquent for battery in 1989. This extensive criminal history includes numerous misdemeanor and felony convictions, including drug-related and violent crimes and two convictions for operating while intoxicated. In 2005, he was convicted twice of operating a motor vehicle after driving privileges forfeited for life, which is the same offense in this case. Thomas has had twenty petitions to revoke probation filed against

8

him and eleven, including the one in this case, were found to be true. Additionally, Thomas has failed to appear in court thirty-five times and has had at least ten violations or notices of rejection from Community Corrections. Along with his frequent contact with the criminal justice system, Thomas's admitted illegal drug use and alcohol abuse demonstrates that he is not living a law-abiding life. Thomas's criminal history shows that he has no respect for the law and disregards it with impunity.

In light of the nature of the offense and Thomas's character, we cannot say that his six-year sentence is inappropriate.

Affirmed.

RILEY, J., and NAJAM, J., concur.