**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 07 2014, 9:29 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARCE GONZALEZ, JR.**
Dyer, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MAURICE V. BROWN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  45A04-1311-CR-554 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Clarence D. Murray, Judge
Cause No. 45G02-1302-FC-17

**July 7, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

## STATEMENT OF THE CASE

Following a guilty plea, Maurice Vance Brown ("Brown") appeals his sentence for his conviction of Class D felony stalking.[1]

We affirm.

## ISSUE

Whether Brown's sentence is inappropriate pursuant to Indiana Appellate Rule 7(B).

## FACTS

In January of 2013, Leslie Northern ("Northern") ended a romantic relationship with Brown. Between January 15th and 30th of 2013, Brown badgered Northern by making threatening phone calls, leaving threatening voice messages, leaving threatening text messages, and sending various photographs of his penis. Similarly, via text message, Brown sent Northern a photograph of her deceased grandmother with a caption that stated, "Ain't this your bitch dead ass grandmother[?]" (App. 38). Additionally, Brown sent naked photographs and videos of Northern to some of Northern's Facebook friends and to her landlord. Moreover, Brown told Northern that he had HIV and that he had infected her. Brown also posted several pictures of Northern on Facebook and claimed on Facebook that Northern had HIV. Following that, Brown repeatedly called Northern, her friends, and her family. Brown left several voicemails threatening to harm Northern for putting his belongings outside.

---

[1] IND. CODE § 35-45-10-5.

On January 16, 2013, a trial court issued a protective order for Northern against Brown. Northern informed Brown of the protective order; however, Brown continued to call and text Northern. As a result of Brown's telephone calls and text messages, Northern changed her telephone number. Brown obtained Northern's new telephone number and continued to call and text Northern; Brown also left Northern voicemail messages in which he called her "derogatory names and threatened to do harm to her[.]" (App. 39).

On January 25, 2013, while Northern was making a report to the police, Brown sent Northern ten text messages, he called Northern ten times, and he left Northern two voicemail messages. (App.39). Particularly, Brown left a voicemail message on Nothern's phone in which Brown maintained that he "didn't give a fuck about going to jail." (App. 39).

On February 4, 2013, the trial court charged Brown with Class C felony stalking and Class D felony intimidation. (App. vol. 1, 19). On August 19, 2013, pursuant to a written plea agreement, Brown pled guilty to a reduced charge of Class D felony stalking in exchange for the State's dismissal of the Class C felony stalking and Class D felony intimidation charges. During the guilty plea hearing, Brown entered into a stipulated factual basis in which he admitted to the facts set forth above. (App. 35-39).

On October 7, 2013, the trial court held a sentencing hearing. During the sentencing hearing, Brown's attorney asserted that Brown had "no excuses, whatsoever," for his actions other than that this was a "break-up situation" and that Brown had acted "more out of anger." (Tr. 25). When Brown addressed the trial court during sentencing, he agreed

3

that his actions were merely done "out of anger." (Tr. 28, 29). When sentencing Brown, the trial court found Brown's guilty plea to be a mitigating circumstance. The trial court also found the following aggravating circumstances: (1) Brown's thirteen "contacts with law enforcement[,]" including four misdemeanor convictions; (2) Brown's recent probation violation; (3) the nature and circumstances of his crime, particularly Brown's posting of nude photographs of Northern on the internet and his threats against Northern's life and the lives of her children; (4) Brown's past gang affiliation with the Latin Kings; and (5) Brown's fabrication about exposing Northern to HIV. (App. 41). The trial court sentenced Brown to the maximum of three (3) years in the Department of Corrections. Brown now appeals.

DECISION

Brown contends that his three (3) year sentence for his Class D felony stalking conviction is inappropriate because the trial court did not consider his mental health disorders.

Under Appellate Rule 7(B), we may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. Whether a sentence is inappropriate ultimately depends on "the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). Our previous jurisprudence has established that the principle role of a Rule 7(B) standard or review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those

4

charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Id*. at 1225. Moreover, the defendant has the burden of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

When determining whether a sentence is inappropriate, we acknowledge that the advisory sentence "is the starting point the Legislature has selected as an appropriate sentence for the crime committed." *Id.* at 1081. The sentencing range for a Class D felony is between six (6) months and three (3) years, with the advisory sentence being one and one half (1 ½) years. IND. CODE § 35-50-2-7.

1. The Nature of the Offense

For approximately two weeks, Brown egregiously stalked Northern by sending her a barrage of disconcerting texts messages and by inundating her phone with phone calls and voicemail messages. Similarly, Brown sent naked photographs and indecent videos of Northern to her friends, family, and landlord. Comparatively, in a text message, Brown sent Northern a photograph of her deceased grandmother with an unsettling message asking Northern, "Ain't this your bitch dead ass grandmother[?]" (App. 38). Moreover, Brown informed Northern that he exposed her to HIV. He also used Facebook to correspond with Northern's peers to claim that Northern had HIV. Furthermore, Brown called Northern ten times and left Northern two voicemail messages while Northern was making a report to the police. The record highlights the callous nature of Brown's offense. Brown has not convinced us that his sentence is inappropriate given the nature of this offense.

5

2.   The Character of The Offender

As to Brown's character, the presentence investigation report reveals that Brown has had thirteen contacts with law enforcement and that he has four misdemeanor convictions in Cook County Illinois for domestic battery, aggravated assault, obstructing an officer, and cannabis possession.  Moreover, Brown has violated his probation in Cook County, Illinois.  While the presentence investigation report indicates that Brown reported that a doctor previously diagnosed him with paranoid schizophrenia and manic depression, it also indicates that Brown's diagnosis did not require prescription medication.  At sentencing, Brown attributed his behavior towards Northern to his anger with her for ending their relationship.  Conversely, on appeal, Brown blames his actions on mental illness.  Despite his failure to raise his mental illness argument at sentencing, his mental illness does not mitigate the other facts in the record regarding his character. *Anglemyer v. State*, 868 N.E.2d 482, 492 (Ind. 2007) (*citing Creekmore v. State*, 853 N.E.2d 523, 530 (Ind. Ct. App. 2006) ("[I]f the defendant fails to advance a mitigating circumstance at the sentencing, this court will presume that the factor is not significant, and the defendant is precluded from advancing it as a mitigating circumstance for the first time on appeal."), *clarified on reh'g*, 858 N.E.2d 230 (Ind. 2006)), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2006).  Additionally, Brown called Northern and told her that he "didn't give a fuck about going to jail" after Northern informed Brown of her protective order against him and after Northern changed her phone number.  (App. 39).  Brown's history of criminal activity, his blatant defiance of the protective order, and his recent probation violation reflect poorly on

6

his character and indicate that Brown has a disregard for the law. Brown has not persuaded us that his sentence is inappropriate. Therefore, we affirm the trial court's sentence.

Affirmed.

FRIEDLANDER, J., and MATHIAS, J., concur.