## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 07 2017, 6:42 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
| --- | --- |
| Frederick Vaiana | Curtis T. Hill, Jr. |
| Voyles Vaiana Lukemeyer Baldwin & Webb | Attorney General of Indiana |
| Indianapolis, Indiana | Justin F. Roebel |
| | Supervising Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
| --- | --- |
| Bryan Scott, | November 7, 2017 |
| *Appellant-Defendant,* | Court of Appeals Case No. 49A02-1706-CR-1245 |
| v. | Appeal from the Marion Superior Court |
| State of Indiana, | The Honorable Mark D. Stoner, Judge |
| *Appellee-Plaintiff.* | Trial Court Cause No. 49G06-1607-F5-26988 |

**Bailey, Judge.**

# Case Summary

[1] Bryan Scott ("Scott") appeals his sentence following a bench trial at which he was found guilty of battery as a Class A misdemeanor.[1] He raises one issue on appeal: whether the trial court abused its discretion when it failed to find his pretrial detention to be a mitigating factor. We affirm.

# Facts and Procedural History

[2] On the evening of June 6, 2016, Edward Hunter ("Hunter") was socializing with a group of his friends on his apartment complex's patio. Hunter saw an individual, whom he knew and identified as Scott, run toward the group holding a pipe—or a crowbar—screaming "I want my money!" Tr. Vol. II at 23, 68. Hunter did not owe Scott any money. Scott then knocked over one of Hunter's friends and swung the object in his hand at Hunter, striking Hunter in the lip, face, and back. Hunter grabbed a nearby lawn chair and attempted to defend himself by blocking Scott's weapon. After the attack, Scott left the scene, taking his weapon with him.

[3] Immediately after Scott left, Hunter called the police. City of Lawrence Police Officer Steven Rech ("Officer Rech") responded to the scene at approximately 9:00 p.m. and spoke with Hunter and the other witnesses. Officer Rech observed and photographed injuries sustained by Hunter from Scott's attack,

---

[1] Ind. Code § 35-42-2-1(d).

which included red marks on his wrist, a laceration on his lip, and injuries to his face. Hunter also sustained bruising on his back. One week later, Hunter identified Scott by photograph.

[4] On July 15, 2016, the State charged Scott with battery by means of a deadly weapon, a Level 5 felony. Scott waived a trial by jury. Following Scott's May 12, 2017, bench trial, the trial court found Scott guilty of the lesser included offense of battery as a Class A misdemeanor. At sentencing the trial court mentioned Scott's prior drug-related criminal history and his pretrial detention. When asked if Scott had any evidence to present at sentencing, his counsel responded, "[n]o." Tr. Vol. II 102. In his closing argument, defense counsel asked that any sentence be suspended, stating, "[r]egardless of the criminal history, it's an A misdemeanor. We'd ask for any time to be suspended." *Id*. The court sentenced Scott to 365 days at the Marion County jail with 225 of those days suspended to probation and 140 days credited for time already served. This appeal of Scott's sentence ensued.

# Discussion and Decision

[5] Sentencing decisions lie within the sound discretion of the trial court. *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). An abuse of discretion occurs if the decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Gross v. State*, 22 N.E.3d 863, 869 (Ind. Ct. App. 2014) (citation

omitted), *trans. denied*. A trial court abuses its discretion in sentencing if it does any of the following:

> (1) fails "to enter a sentencing statement at all;" (2) enters "a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons;" (3) enters a sentencing statement that "omits reasons that are clearly supported by the record and advanced for consideration;" or (4) considers reasons that "are improper as a matter of law."

*Id*. (quoting *Anglemyer v. State*, 868 N.E.2d 482, 490-491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007)). However, the relative weight or value assignable to reasons properly found, or those which should have been found, is not subject to review for abuse of discretion, *id.*, and a trial court is under no obligation to explain why a proposed mitigator does not exist or why the court gave it insignificant weight. *Sandleben v. State*, 22 N.E.3d 782, 796 (Ind. Ct. App. 2014), *trans. denied*.

[6] Here, although the trial court did issue a written sentencing order, it did not find specific mitigating and aggravating[2] factors when it issued the sentence. However, the trial court was not required to do so. *Anglemyer*, 868 N.E.2d at 490 (holding that, under the advisory sentencing scheme, the trial court "no

---

[2] The trial court did not, as Scott implies, find his criminal history to be an aggravating factor. Rather, the trial court simply noted that Scott had a prior criminal history with some "drugs involved" in the course of explaining why it ordered him to get a substance abuse evaluation and treatment, if necessary. Tr. Vol. II at 105.

longer has an obligation to weigh aggravating and mitigating factors against each other when imposing a sentence"). And, although Scott contends on appeal that the trial court should have found his pretrial detention as a mitigating factor making an additional probationary term inappropriate, he failed to raise such an argument before the trial court. Therefore, he has waived that argument on appeal.[3] *See, e.g.*, *Carter v. State*, 711 N.E.2d 835, 838–839 (Ind. 1999) (holding that the trial court did not abuse its discretion in failing to consider a mitigating circumstance which was not raised at sentencing); *Creekmore v. State*, 853 N.E.2d 523, 530 (Ind. Ct. App. 2006) ("[I]f the defendant fails to advance a mitigating circumstance at sentencing, this court will presume that the factor is not significant, and the defendant is precluded from advancing it as a mitigating circumstance for the first time on appeal."), *clarified on denial of reh'g*, 858 N.E.2d 230 (Ind. Ct. App. 2006).

[7] The trial court did not abuse its discretion when it imposed Scott's sentence.

[8] Affirmed.

Baker, J., and Altice, J., concur.

---

[3] We also note that Scott has failed to cite any supporting authority for his contention that pretrial detention should be considered a mitigating factor, and that failure also waives the argument on appeal. Ind. Appellate Rule 46(A)(8)(a) ("Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on."); *Pierce v. State*, 29 N.E.3d 1258, 1267 (Ind. 2015) (noting failure to support arguments with appropriate citations to legal authority and record evidence waives those arguments for our review).