## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 18 2019, 7:13 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Christopher L. Clerc<br>Columbus, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana<br><br>Tiffany A. McCoy<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Randy H. Wilson,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | June 18, 2019<br><br>Court of Appeals Case No.<br>18A-CR-2736<br><br>Appeal from the Bartholomew<br>Superior Court<br><br>The Honorable James D. Worton,<br>Judge<br><br>Trial Court Cause No.<br>03D01-1804-F3-2296 |

**Crone, Judge.**

## Case Summary

Randy H. Wilson appeals his twelve-year aggregate sentence for level 5 felony robbery and level 5 felony criminal confinement. Wilson asserts that the trial court abused its discretion in failing to find his mental illness as a mitigating factor. Finding that Wilson has waived this claim, we affirm.

## Facts and Procedural History

On April 19, 2018, Whitney Mitchell was walking down the street to a friend's house in Columbus. Perry Davis, whom Mitchell knew and considered a friend, saw her walking about. Davis called her over to him and led her into a residence. Wilson and Ann Bennet were present when Mitchell entered the residence. Wilson, Davis, and Bennet accused Mitchell of being a "snitch." Tr. at 27. Davis snatched Mitchell's purse, dumped her belongings out, and then handed Mitchell's apartment keys to Wilson. All three then battered Mitchell.

Wilson struck Mitchell in the face and started looking for a cord, while Davis pulled out what would be identified as a black BB handgun. Mitchell feared for her life and attempted to flee while Wilson and Davis shifted their attention to a knock on the door. A neighbor noticed Mitchell's efforts and cry for help. Wilson and Davis let Mitchell leave when they realized the neighbor was watching. The neighbor called 911. Police found Mitchell blocks away from the residence in tears and with multiple wounds. That night, police arrested Davis and Bennet after stopping a suspect automobile. Wilson, who was also in the vehicle, fled but was located two months later.

[4] The State charged Wilson with level 3 felony robbery resulting in bodily injury, level 5 felony criminal confinement, level 6 felony battery resulting in moderate bodily injury, and class A misdemeanor theft. A jury found Wilson guilty of the lesser included offense of level 5 felony robbery and found him guilty as charged on the remaining counts. The trial court vacated judgments on the level 6 felony and class A misdemeanor.

[5] In its sentencing statement, the trial court found five aggravating factors: (1) criminal history; (2) multiple supervisory sentence failures; (3) prior failed opportunities for treatment outside of a penal facility; (4) pretrial jail rule violations; and (5) severity of the crime's impact on the victim. The trial court found no mitigating factors and sentenced Wilson to six years executed on each conviction, to be served consecutively.

## Discussion and Decision

[6] Wilson now appeals his twelve-year aggregate sentence. Wilson contends that the trial court abused its discretion when it failed to consider his mental illness at sentencing.[1] "Generally speaking, sentencing decisions are left to the sound discretion of the trial court, and we review the trial court's decision only for an abuse of this discretion." *Singh v. State*, 40 N.E.3d 981, 987 (Ind. Ct. App.

---

[1] Wilson also argues that the trial court "should have attributed significant mitigating weight to Wilson's mental illness at sentencing." Appellant's Br. at 8. Trial courts have no obligation to weigh aggravating and mitigating factors against each other when imposing a sentence; "therefore, a trial court can not now be said to have abused its discretion in failing to 'properly weigh' these factors." *Anglemeyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218.

2015), *trans. denied* (2016). "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Anglemeyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. One of the ways a trial court may abuse its discretion is by failing to consider aggravating or mitigating factors that are clearly supported by the record and advanced for consideration during sentencing. *Id.* at 490-91. At sentencing, Wilson failed to advance his mental illness as a mitigating factor for consideration. Thus, he "is precluded from advancing it as a mitigating circumstance for the first time on appeal." *Creekmore v. State,* 853 N.E.2d 523, 530 (Ind. Ct. App. 2006), *clarified on denial of reh'g*, 858 N.E.2d 230, *trans. denied*.

[7]     Waiver notwithstanding, "[a]n allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record." *Anglemeyer*, 868 N.E.2d at 493. Our supreme court has outlined factors to consider when assessing the effect of a defendant's mental illness on sentencing: (1) the extent of the defendant's inability to control his behavior due to the disorder or impairment; (2) overall limitations on functioning; (3) the duration of the mental illness; and (4) the extent of any nexus between the disorder or impairment and the commission of the crime. *Weeks v. State*, 697 N.E.2d 28, 30 (Ind. 1998). Wilson did not proffer any evidence that he was diagnosed with a mental illness. Because he refused to be interviewed for the presentence

investigation report in this case, the probation officer who compiled the report referenced a 2014 presentence investigation report. That report states that Wilson claimed he was diagnosed as bipolar at age seven. He reported he stopped taking medication for the condition at the age of seventeen; he is now twenty-seven. Putting aside Wilson's bald assertion on appeal, there is no indication that his alleged bipolar disorder played any role in his commission of the instant crimes. Therefore, we affirm.

[8] Affirmed.

Bradford, J., and Tavitas, J., concur.